**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | |
|---|---|
| PLANET HOME LENDING, LLC, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PATRICK HENRY and TESHA HENRY a/k/a )<br>TESHA M. HENRY, )<br>)<br>Defendants. )<br>_____) | Civil Action No. 2020-0116 |

**Attorney:**
**Matthew R. Reinhardt, Esq.**
St. Thomas, U.S.V.I.
  *For Plaintiff*

## **MEMORANDUM OPINION**

**Lewis, District Judge**

  THIS MATTER comes before the Court on the "Motion for Default Judgment" ("Motion") filed by Plaintiff Planet Home Lending, LLC ("Plaintiff"), in which Plaintiff seeks default judgment against Defendants Patrick Henry and Tesha Henry a/k/a Tesha M. Henry (collectively, "the Borrowers"). (Dkt. No. 42). For the reasons discussed below, the Court will grant Plaintiff's Motion and enter default judgment against the Borrowers.

### I.  BACKGROUND

  On December 30, 2020, Oriental Bank filed a Complaint against the Borrowers for a debt owed and for foreclosure of a mortgage on real property. (Dkt. No. 1). Thereafter, on October 11, 2022, Planet Home Lending, LLC was substituted as Plaintiff in the instant action. (Dkt. No. 34).

  In the Complaint, Plaintiff alleges that, on May 13, 2008, Patrick Henry executed a Construction/Installment Mortgage Note (the "Note") in favor of the Bank of Nova Scotia ("BNS") in the principal amount of $189,050.00, together with interest at the rate of 5.55% per annum. *Id.*

at ¶ 5. On the same day, as security for the Note, the Borrowers executed and delivered to BNS a First Priority Mortgage, Assignment of Leases and Rents and Construction Security Interest (the "Mortgage"), encumbering property described in the Warranty Deed as:

> Plot No. 5-19 (consisting of 0.29 U.S. acre) of Estate Mt. Pleasant, Prince Quarter, St. Croix, U.S. Virgin Islands, as more fully shown on OLG Drawing No. D9-05931-C008, dated January 29, 2008

(the "Property") (Dkt. No. 43-1 at 1). The Complaint alleges that the Note, Mortgage, and all related security documents were recorded at the Office of the Recorder of Deeds for the District of St. Croix ("Recorder") on May 13, 2008; these documents were assigned to Oriental Bank on February 25, 2020; and such assignment was recorded on March 3, 2020 with the Recorder. *Id.* at ¶ 8.

The Complaint further alleges that the Borrowers defaulted under the terms and conditions of the Note and Mortgage by failing to make monthly installments of principal and interest that became due on July 18, 2015. *Id.* at ¶ 10. By correspondence dated April 11, 2018, BNS sent a Notice of Default to the address on record advising that failure to cure the default would result in acceleration of the debt and foreclosure of the Mortgage. (*Id.* at ¶ 11, Dkt. No. 1-5). As of the date of the Complaint, the default was not cured; payment of the debt was accelerated; and the Borrowers remained in default. (Dkt. No. 1 at ¶ 10).

Plaintiff seeks, *inter alia*, judgment in its favor and against the Borrowers: declaring that the Borrowers have defaulted under the terms of the Note and Mortgage, thereby entitling Plaintiff to exercise all remedies provided by those documents; awarding the principal balance due on the Mortgage plus interest, costs, expenses, and attorneys' fees; declaring that Plaintiff's Mortgage forecloses the interests of all other lienholders subject only to statutory redemption rights; and

ordering that the Property be sold with any proceeds to be applied to the sums due to Plaintiff. *Id*. at 6-7.

On October 10, 2022, Plaintiff filed a Motion for Substitution. (Dkt. No. 33). Plaintiff informed the Court, *inter alia*, that Oriental Bank assigned its interest in the Property via an Assignment of Mortgage to Plaintiff's predecessor in interest, Sol Holdco III B LLC, on April 27, 2022, and Sol Holdco III B LLC transferred its interest in the Property to Plaintiff via an Assignment of Mortgage on September 26, 2022. *Id.* at 2. On October 11, 2022, the Magistrate Judge granted Plaintiff's Motion for Substitution. (Dkt. No. 34).

On February 19, 2024, Plaintiff filed a "Motion for Default Judgment" together with a Memorandum of Law. (Dkt. No. 42). Plaintiff argues that the procedural elements for default judgment against the Borrowers have been satisfied because the Borrowers have been served by publication; the Borrowers have not defended themselves in this matter; the Borrowers are not minors or incompetent persons; and the Borrowers are not engaged in military service. (Dkt. No. 44 at 3). In addition, Plaintiff asserts that it has satisfied the three factors for determining whether default judgment is appropriate, as set forth in *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000).[1] *Id.*

Along with the Motion for Default Judgment, Plaintiff also filed an "Affidavit of Indebtedness" (Dkt. No. 43-7)—which was updated on January 2, 2024 and filed with the Court on May 10, 2024 ("Updated Affidavit") ((Dkt. No. 46-1 at 1-3). In the Updated Affidavit, Thomas

---

[1] The three *Chamberlain* factors that bear on whether a default judgment should be entered are: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to [defendant's] culpable conduct." *J&J Sports Productions, Inc. v. Ramsey*, 757 F. App'x 93, 95 n.1 (3d Cir. 2018) (citing *Chamberlain*, 210 F.3d at 164).

3

O' Connell ("O'Connell"), Senior Vice President for Plaintiff, attests that he has personal knowledge of the documents executed by the Borrowers, which are maintained as part of Plaintiff's business records. *Id*. at 2. Based on the information provided, the indebtedness owed to Plaintiff as of December 3, 2023 consists of the following: a principal balance of $170,180.42; accrued interest from June 18, 2015 to December 3, 2023 of $79,883.23; recoverable balance of $977.60; escrow advance of $24,623.16; and accumulated late charges of $917.49, for a total indebtedness of $276,581.90. *Id*. O'Connell also asserts that interest accrues on the outstanding debt at the per diem rate of $25.88. *Id.*

To date, neither Defendant has appeared in this action.

## II. APPLICABLE LEGAL PRINCIPLES

### A. Default Judgment

When considering a motion for default judgment, the Court accepts as true any facts contained in the pleadings regarding liability. Fed. R. Civ. P. 8(b)(6). Legal conclusions, however, are not deemed admitted, nor is the extent or amount of damages claimed by a party. *See Star Pacific Corp. v. Star Atl. Corp.*, 574 F. App'x 225, 231 (3d Cir. 2014); *Service Employees Int'l Union Local 32BJ v. ShamrockClean, Inc*., 325 F. Supp. 3d 631, 635 (E.D. Pa. 2018); Fed. R. Civ. P. 8(b)(6). Parties are not entitled to an entry of default judgment as of right; instead, the matter is addressed to the sound discretion of the court. *Pieczenik v. Comm'r New Jersey Dept. of Envir. Protection*, 715 F. App'x 205, 208-09 (3d Cir. 2017); *Catanzaro v. Fischer*, 570 F. App'x 162, 165 (3d Cir. 2014).

An application for entry of default judgment must contain evidence, by affidavits and/or documents, of the following:

> (1) the entry of default pursuant to Rule 55(a); (2) the absence of any appearance by any party to be defaulted; (3) that the defendant is neither an infant nor an

> incompetent [person]; (4) that the defendant has been validly served with all pleadings; (5) the amount of [the] judgment and how it was calculated; (6) and an affidavit of non-military service in compliance with the [Servicemember's] Civil Relief Act.

*Bank of Nova Scotia v. Tutein*, Civil Action No. 2017-0016, 2019 WL 2656128, at *3 (D.V.I. June 27, 2019); *see also* Fed. R. Civ. P. 55(b); *Ditech Financial LLC v. Felice*, Civil Action No. 2016-94, 2018 WL 1771558, at *2 (D.V.I. Apr. 12, 2018). Additionally, the Court must assess the three *Chamberlain* factors when determining whether a default judgment is appropriate. *J&J Sports Productions, Inc. v. Ramsey*, 757 F. App'x 93, 95 n.1 (3d Cir. 2018) (citing *Chamberlain,* 210 F.3d at 164).

### III.   DISCUSSION

#### A.   Default Judgment

To succeed in a debt and foreclosure action, the plaintiff must prove three elements: (1) the debtor executed a promissory note and mortgage; (2) the debtor is in default under the terms of the note and mortgage; and (3) the lender is authorized to foreclose on the property mortgaged as security for the note. *See Brouillard v. DLJ Mortg. Capital, Inc.*, 63 V.I. 788, 793 (2015); *see also Thompson v. Fla. Wood Treaters, Inc.*, 52 V.I. 986, 995 (D.V.I. Dec. 6, 2009) ("To establish a prima facie case for recovery under a promissory note, the holder must demonstrate execution of the note and a default in payment pursuant to its terms."); *Anthony v. FirstBank Virgin Islands*, 58 V.I. 224, 229 (V.I. 2013); 55 AM. JUR. 2D Mortgages § 604 (2019) (foreclosure requires a valid mortgage, default on part of mortgagor, and foreclosure in compliance with terms of contract).

Plaintiff has satisfied all of the requirements necessary to obtain a default judgment against the Borrowers, as confirmed by the factual allegations of the Complaint and the Motion for Default Judgment, together with the accompanying documents. Plaintiff has provided evidence to establish the elements of its foreclosure action against the Borrowers. Specifically, Plaintiff has shown that:

5

(1) Defendant Patrick Henry executed and delivered a Note to BNS dated May 13, 2008 (Dkt. No. 43-2); (2) the Borrowers executed and delivered a Mortgage to BNS dated May 13, 2008 (Dkt. No. 43-3); (3) BNS assigned its interest in the Property via an Assignment of Mortgage to Oriental Bank on February 25, 2020 (Dkt. No. 43-7 at 18-21); (4) Oriental Bank assigned its interest in the Property via an Assignment of Mortgage to Plaintiff's predecessor in interest, Sol Holdco III B LLC, on April 27, 2022, (*Id.* at 22-23); (5) Sol Holdco III B LLC, transferred its interest in the Property to Plaintiff via an Assignment of Mortgage on September 26, 2022 (Dkt. No. 43-7 at 24-25); (6) Plaintiff has possession of the Note and is the holder of the Mortgage, which provides that Plaintiff is entitled to foreclose its lien on the Property in the event of default (Dkt. No. 43-3 at ¶ 18.5); and (7) Defendant Henry is in default under the terms of the Note and the Borrowers are in default under the terms of the Mortgage (Dkt. No. 43-7). Accepting the factual allegations as true and in light of the accompanying documentation confirming the terms of the Note and the Mortgage, the Court finds that Plaintiff has established, for purposes of default judgment, the merits of its claim.

In addition to establishing the elements of its claim, Plaintiff has satisfied all of the requirements necessary to obtain a default judgment against the Borrowers. It has properly shown that: (1) the Borrowers were served via publication (Dkt. Nos. 13, 35); (2) the Borrowers have not appeared in this action; (3) default was entered against Defendants Patrick Henry and Tesha Henry by the Clerk of Court on November 1, 2022 and January 31, 2023, respectively (Dkt. Nos. 36, 39); and (4) the Borrowers are not infants nor incompetent persons (Dkt. No. 43-9 at ¶ 18). Further, Plaintiff has provided a copy of a Military Status Report from the Department of Defense Manpower Data Center establishing that Patrick Henry and Tesha Henry are not in the military

service as defined in the Servicemember's Civil Relief Act, 50 U.S.C. § 3931 [formerly 50 App. U.S.C. § 526(a)]. (Dkt. No. 43-9).

Plaintiff has also shown with specificity how it calculated the amount due on the account by providing the Updated Affidavit signed by O'Connell and supporting documentation. (Dkt. No. 46-1 at 1-3). The Court finds that the following amounts are due: a principal balance of $170,180.42; accrued interest from June 18, 2015 to December 3, 2023 of $79,883.23; accrued interest from December 4, 2023 through the date of the entry of Judgment of $4,399.60$^2$; recoverable balance (property inspection fees) of $977.60; escrow advance of $24,623.16; and accumulated late charges of $917.49, for a total indebtedness of $280,981.50.

Finally, Plaintiff has argued, and the Court has considered, the *Chamberlain* factors and finds that the prejudice to Plaintiff resulting from the Borrowers' breach of their contractual obligations together with the apparent absence of a litigable defense weigh in favor of the Court granting default judgment. In addition, the Borrowers' culpable conduct is evidenced by their refusal to respond to the Complaint. *See World Ent'mt Inc. v. Brown*, 487 Fed. Appx. 758, 762 (3d Cir. 2012) (finding that defendant engaged in culpable conduct by, *inter alia*, failing to respond to complaint because such failure showed a willful disregard for plaintiff's legal communications); *Cohen v. Gabriel Enters., Inc.,* Civil Action No. 2011-0059, 2013 WL 1154847, at *5 (D.V.I. Mar. 21, 2013) (citing cases finding culpable conduct where defendants failed to answer complaint).

Accordingly, the Court finds that default judgment against the Borrowers is appropriate.

---

[2] Plaintiff has established that interest accrues on the indebtedness at the per diem rate of $25.88 from December 4, 2023 up to and including the date of entry of Judgment. Accrued interest is therefore calculated as: $25.88 per diem rate *x* 170 days = $4,399.60.

## IV.    CONCLUSION

For the reasons discussed above, the Court will grant Plaintiff Planet Home Lending, LLC's "Motion for Default Judgment." (Dkt. No. 42). Accordingly, the Court will award Judgment in favor of Plaintiff and against Defendants Patrick Henry and Tesha Henry a/k/a Tesha M. Henry in the amount of $280,981.50, consisting of the principal balance of $170,180.42; accrued interest from June 18, 2015 to December 3, 2023 of $79,883.23; accrued interest from December 4, 2023 through the date of the entry of Judgment of $4,399.60; recoverable balance of $977.60; escrow advance of $24,623.16; and accumulated late charges of $917.49. The total indebtedness of $280,981.50 shall accrue interest at the federal statutory rate until the Judgment is satisfied. 28 U.S.C. § 1961(a).

An appropriate Judgment and Order accompanies this Memorandum Opinion.

Date:  May 21, 2024

_____/s/_____
WILMA A. LEWIS
District Judge